James SMITH, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Aug. 10, 1978.

Certiorari Denied by Supreme Court
Nov. 6, 1978.

Charles E. Baucum, Asst. Public Defender, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., Richard S. Maxwell, Asst. Atty. Gen., Nashville, Don A. Dino, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DWYER, Presiding Judge.

The appellant appeals his conviction of committing the offense of robbery in violation of TCA 39–3901, and resulting punishment at confinement for not less than five nor more than seven years in the State Penitentiary.

The appellant assigns as error that the evidence preponderates against the verdict and that a tainted identification of appellant denied him due process.

The evidence: A Mr. William E. Benson, proprietor of Bennie's Car Wash, located at the intersection of Guthrie and Thomas Streets in the City of Memphis, was robbed during the early morning hours of May 27, 1977. Mr. Benson, testifying as a witness for the State, related that he was in his car wash at approximately 5:30 to 6:00 a. m. servicing the equipment when he noticed a neatly dressed male black walk across his lot; that when he entered his storeroom to check on the soap bins, this same individual

approached him and asked him if he had change for a $5 bill. The witness related that when he was drying his hands in order to determine if he could make change, the individual that approached him grabbed him from behind and told him that he wanted all of his money. When Mr. Benson handed this individual the quarters and dollars that he had in his pocket the individual told him that he wanted it all and then started to rifle Mr. Benson's pockets. At that time a pistol that Mr. Benson had in his waist started to slip down his pants leg and fell to the floor and the two immediately began scuffling over it. The robber obtained possession of the pistol and struck Mr. Benson about the head, knocking him to the floor. The robber then fled the car wash. When Mr. Benson was satisfied the robber had left he went next door and immediately called the police and gave them a description of the robber and his clothing. A squad car responding to another call in the near vicinity noticed the appellant walking down the street who matched the description as given. When the police pulled over to question him the appellant started running, a chase ensued, and he was arrested within a few minutes. The appellant was placed in the squad car and returned to the car wash where he was positively identified as the robber by Mr. Benson.

The appellant did not testify but he offered two witnesses who testified that appellant was with them on the night preceding the robbery and in their presence until 6:00 a. m. the next morning when they let him out at his girl friend's house. The girl friend also testifying in behalf of the appellant, related that the appellant was with her in her home until 11:00 p. m. on May 26 and returned to her house at 6:00 a. m. the following morning.

We think the evidence supports the verdict as returned by the jury: (1) the appellant had been identified as the robber at the scene a few minutes after the robbery; (2) the appellant was identified at the trial by Mr. Benson as the robber; (3) the appellant was dressed when the police officers saw him matching the description given by the dispatcher as the clothing worn by the robber. These are but a few of the facts which we think support this verdict. The jury verdict has accredited the theory of the State. It is not the prerogative of an appellate court to reevaluate this testimony. *State v. Hatchett,* 560 S.W.2d 627 (Tenn. 1978). That verdict has also rejected the alibi defense of the appellant. *French v. State,* 489 S.W.2d 57 (Tenn.Cr.App.1972). The assignment pertaining to the sufficiency of the evidence is accordingly overruled.

■■■ The second and last assignment of error: It is the appellant's theory that the identification was unduly suggestive and that the return of the appellant to the scene by the police made him a "sitting duck" for identification by the victim, Mr. Benson, and that the procedure employed was basically so unfair that the identification testimony should be excluded for it was a denial of due process. In short, he urges the discarded exclusionary per se rule. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). In *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 2249, 53 L.Ed.2d 140 (1977), the following language may be found:

" . . . The 'central question,' however, was 'whether under the "totality of the circumstances" the identification was *reliable* even though the confrontation procedure was suggestive.' " (Emphasis added)

We think that the procedure employed by the police in the instant case was suggestive, for there were no emergency or exigent circumstances present calling for the procedure employed. The *Manson* court held that the determining factor, or the linchpin, in determining the admissibility of identification testimony is *reliability,* which includes the following factors found in that authority: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) his degree of attention; (3) the accuracy of his prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; (5) and the time span between the crime and the con-

frontation. Against these five facts is to be weighed the corrupting effect of the suggestive identification itself.

Applying the stated factors to the case sub judice, the trial court found: (1) that it was daylight when the victim, Mr. Benson, observed appellant and his attire for a period of time before the robbery; (2) that the victim when confronted by the robber in the storeroom realized that the robber was the same person that he had observed cross his lot a few moments before; (3) that the clothing description given by the victim and relayed by the police dispatcher to the officers tallied identically with the clothing worn by the appellant when he was apprehended and returned to the scene of the robbery; (4) the testimony revealed that Mr. Benson was not hesitant in his identification of appellant as his robber. Mr. Benson testified that the appellant was returned to the scene of the robbery and was immediately identified as the robber, and further that Mr. Benson observed the appellant in the courtroom the morning of the trial accompanied by three others and that he immediately recognized appellant out of the group as his robber; (5) lastly, the time span between the robbery and the confrontation was only a matter of minutes for the police quickly apprehended appellant and immediately returned him to the scene of the robbery. The trial court, at the jury out hearing, applied these factors to the identification of the appellant by Mr. Benson and found that his identification was reliable.

We think applying the factors on one side of the scale and the suggestive procedure on the other side, we see no reason to disturb the findings of the trial court in allowing the identification to go to the jury. Under *Manson v. Brathwaite, supra,* we agree. This assignment is overruled.

The judgment of the trial court is affirmed.

O'BRIEN, J., and JOE C. LOSER, Jr., Special Judge, concur.