STATE of Tennessee, Appellee,

v.

Albert E. RAYMER & John S. White, Appellants.

Court of Criminal Appeals of Tennessee, at Nashville.

Aug. 20, 1981.

Permission to Appeal Denied by Supreme Court Nov. 9, 1981.

Robert O'Connell, Nashville, for Raymer.

Judy Schechter, Goodlettsville, for White.

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Sterling Gray, Cheryl Blackburn, Asst. Dist. Attys. Gen., Nashville, for appellee.

OPINION

DWYER, Judge.

Appellant Raymer appeals from a conviction of robbery with a deadly weapon and thirty-year sentence. Appellant White appeals his conviction of robbery and sentence of not less than ten nor more than fifteen years.

The sufficiency of the evidence has been placed in issue by both appellants. Additionally, appellant Raymer contends that his on-the-scene identification denied him due process and the trial court erred in overruling his pre-trial motion to suppress his out-of-court and in-court identification.

On September 23, 1979, around 11:30 p. m. the Stop-and-Go Market located at 412 Main Street, Goodlettsville, was robbed by a male white armed with a shotgun. Two employees, a Ms. Upton and Ms. Sparks and the latter's nine-year-old daughter Kim were in the store. The holdup man rapidly entered, laid the shotgun on the counter and told the women, "This is a holdup. Give me the money." Ms. Upton gave the robber the bills in the cash drawer which totaled $79. The robber, waving the shotgun in a menacing manner, fled afoot from the store.

Officer Gregory whose suspicion had been aroused earlier in the evening by the activities of the appellant parked his car across the street from the market and later wit-

nessed the holdup.* It was his testimony that the vehicle pulled away from the telephone booth with its lights out and stopped behind the market. The passenger got out, looked around, took a shotgun from the vehicle, and walked into the market. The vehicle left the scene with its lights out. After observing the holdup man point the shotgun at the women, the officer approached the market but was held up in traffic. Approximately five minutes later Officer Gregory stopped the same vehicle he had observed earlier. Appellant White was driving, his wife and a small infant were in the front seat and appellant Raymer, who the officer identified as the holdup man, was in the back seat. A loaded .410 shotgun was found in the back seat of the car and $79 was removed from the front pocket of Raymer.

An officer informed the store employees, "We've got them" and within the hour, appellant Raymer was returned to the market by Officer Pope of the Goodlettsville Police Department where the two employees separately identified the appellant as the armed holdup man.

With Raymer being observed and identified by the sergeant as the holdup man, the evidence is sufficient to sustain the verdict. T.R.A.P. 13(e).

■ Appellant White points out that the State's case against him was entirely circumstantial and submits that the circumstantial evidence failed to exclude every hypothesis but guilt. *Crouch v. State*, 498 S.W.2d 97, 99 (Tenn.1973). Appellant further submits the fact that he was driving with Raymer is insufficient to sustain his conviction. *United States v. Grimes*, 332 F.2d 1014, 1017 (6th Cir. 1964). Both officers saw two white male occupants at the drive-up telephone booth across from the market prior to the robbery. Officer Gregory observed the same vehicle drive behind the market, let the holdup man out and

drive away with its lights out. Within minutes after the robbery, appellant White was stopped near the market driving the same vehicle. The license plate of the vehicle was registered to Raymer who was in the back seat. A shotgun was also found there and $79 was recovered from Raymer's person. This circumstantial evidence coupled with no proof offered by either when viewed in the strongest legitimate manner in favor of the State, excludes every reasonable hypothesis other than guilt of the appellant. *Overton v. State*, 521 S.W.2d 229, 232 (Tenn.Cr.App.1974). Any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); T.R.A.P. 13(e).

■ Appellant Raymer contends the out-of-court identification procedure utilized by Officer Pope was so suggestive as to present a very substantial likelihood of misidentification, *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); therefore, the trial court erred in overruling appellant's pre-trial motion to suppress and in allowing testimony at trial regarding appellant's out-of-court identification.

At the suppression hearing, Officer Pope testified that approximately thirty minutes after the robbery, he transported appellant Raymer back to the Stop-and-Go Market where he advised the victims Ms. Sparks and Ms. Upton that he had a subject in the car for them to see. The victims separately identified the appellant as the armed robber. Ms. Sparks testified that at the time of the robbery, she observed the appellant for approximately five minutes. When she identified the appellant the light was on in the squad car and the appellant was looking at her. It was also developed at trial that the lighting conditions in the market at the time of the crime were excellent. The vic-

---

* Around 10:00 p. m. on the night in question, Detective Lieutenant Pope had observed two white males in a white four-door automobile, license number 2F1010, parked across from the market at a drive-up pay phone. The phone was not being used. At 11:09 p. m. Officer Gregory observed the same vehicle at the same location and after conferring with Officer Pope, he located the vehicle at a nearby trailer park. He then went back to the market to watch.

tim's attention was directed to the robber since he had a cocked shotgun pointed at Ms. Upton. The description of the robber given to the police officer by the victims was comparable except both failed to mention his beard. Further, Ms. Sparks testified that the appellant, who was a regular customer, had been in the store earlier that night asking for directions.

While we think that the procedure employed by the police in the instant case was suggestive, in considering the totality of the circumstances, *Smith v. State*, 573 S.W.2d 759, 760 (Tenn.Cr.App.1978), we can come to but one conclusion and that is, the identification was reliable. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). This issue is overruled.

The judgment of the trial court is affirmed.

O'BRIEN and DUNCAN, JJ., concur.