**STATE of Tennessee, Appellee,**

v.

**Carvello Renaldo HALL, Appellant.**

Court of Criminal Appeals of Tennessee,
at Jackson.

June 30, 1983.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 29, 1983.

A.C. Wharton, Jr., Shelby Co. Public Defender, Joe B. Jones and Clifton Harviel, Asst. Public Defenders, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, Veronica F. Coleman, Phillip Ray Baker, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

TATUM, Judge.

The defendant, Carvello Reynaldo Hall, was indicted along with his codefendants, Frederick Arnell Raiford and Anthony Dwane Rodgers, for armed robbery. The jury found Raiford and Rodgers guilty of armed robbery but found the defendant Hall guilty of aiding and abetting only simple robbery. Hall's punishment was fixed at not less nor more than 5 years in the State penitentiary.

On this appeal, Hall presents the single issue of whether the evidence was sufficient to support the guilty verdict returned by the jury. After the State's evidence was closed, the defendant Hall moved for a judgment of acquittal on the ground that the State's evidence was insufficient to sustain a conviction. T.R.Cr.P. 29(a). When the trial judge overruled Hall's motion for judgment of acquittal, Hall stood on the

motion. He presented no further proof, disclaimed any benefit of any evidence introduced by the codefendants, and took the position that the evidence presented by the codefendants would not be binding upon him. He participated no further in the trial. See *Mathis v. State,* 590 S.W.2d 449 (Tenn.1979).

 Thus, it is the duty of the trial court and this court to look only at all of the evidence introduced by the State, to take the strongest legitimate view of it in favor of the State, and to allow all reasonable inferences from it in the State's favor; to discard all countervailing evidence, and if then, there is any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the evidence of the State, the trial judge should properly overrule the motion and it will be our duty to affirm. *State v. Thompson,* 549 S.W.2d 943 (Tenn.1977). In dealing with a motion for a judgment of acquittal, unlike a motion for a new trial, the trial judge is concerned only with the legal sufficiency of the evidence and not with the weight of the evidence. The trial court had before it a question of law. *State v. Jim Johnson* (Court of Criminal Appeals No. 81–309–III, filed at Nashville, January 18, 1983.)

With these principles in mind, we will summarize the evidence introduced by the State as it pertains to Hall. The State's proof clearly established that Raiford and Rodgers entered a "Stop N Go" store in Memphis between midnight and 1:00 o'clock A.M. on December 1, 1981, and robbed the clerk with a pistol. Marked "bait" money, a gold watch, and a package of Salem cigarettes were obtained in the robbery. When the bait money was removed from the cash register, a Cobra or silent alarm was set off at the police station.

Officer Russell Young received a radio dispatch advising of the robbery and, being in the neighborhood, he drove toward the Stop N Go store. Officer Young observed a green automobile traveling in the opposite direction and, after seeing it, received information over the radio that a green automo-

bile was involved in the robbery. Officer Young turned his vehicle around and lost the green automobile in doing so. However, he saw it again and stopped it at a point approximately 2 miles from the Stop N Go store. The green automobile was occupied by Raiford, Rodgers, and the defendant, Hall. Raiford was the driver of the automobile but the evidence conflicts as to whether Hall occupied the front passenger seat or was sitting in the backseat. The pistol used in the robbery was on the floorboard of the car on the driver's side. In the backseat there was clothing that had been worn by the robbers. Currency and a package of Salem cigarettes was stuffed in the crack between the rear seat and the back of the seat. Raiford had the gold watch that was obtained in the robbery and Rodgers had the marked $5.00 "bait bill." None of the contraband was found on Hall's person.

At approximately 1:30 P.M. the same day, Hall was appropriately told of his rights and was then interviewed. We quote the questions asked him by the police and his answers:

"Q. Whose idea was it to rob the Stop N Go?

A. I'm not sure.

Q. Why didn't you go inside the grocery during the robbery?

A. Because I received a severe gunshot wound to the right chest about two years ago. As a result, I have a bullet in my spine, physically unable to over exert myself.

Q. If not for that injury, would you have went inside and participated in the robbery?

A. I don't know."

 Hall argues that the State's proof, at best, merely presented evidence that he was at the scene of the crime and that there was no evidence that he was an aider and abettor as defined by T.C.A. § 39–1–303; he insists that there was no evidence that he was "aiding and abetting, or ready and consenting to aid and abet" in the commission of the robbery. We agree with the

State that the circumstantial evidence was sufficient to support the finding that Hall was an aider and abettor. He was apprehended in the getaway car immediately after the robbery and only 2 miles distant therefrom. He was in the company of Rodgers and Raiford, who had actually entered the store and committed the robbery. Stolen money was inside the car with Hall and his companions, along with the pistol used in the robbery and the clothing worn. We think that the evidence abundantly established that the defendant was in the automobile when the crime was committed. The answers given by Hall to the questions asked by police strongly indicate that Hall knew before going to the store with Raiford and Rodgers that the robbery was planned. We think that the facts of this case, where a defendant, knowing that a robbery was planned, voluntarily accompanied the perpetrators to the scene of the crime, and waited outside while the crime was being committed, support the finding that the defendant acted as a "lookout."

This circumstantial evidence, not coupled with contradictory or explanatory proof, excludes every reasonable hypothesis other than that of guilt. See *State v. Raymer,* 623 S.W.2d 644 (Tenn.Cr.App.1981); *Bays v. State,* 529 S.W.2d 58 (Tenn.Cr.App.1975). We think that the trial judge properly overruled the motion for a judgment of acquittal. We also find that the evidence meets the standard required by *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and T.R.A.P. 13(e).

The judgment below is affirmed.

DUNCAN, J., concurs.

DAUGHTREY, J., dissents.

DAUGHTREY, Judge, dissenting.

I cannot agree that the trial court properly overruled the defendant's motion for judgment of acquittal, and I therefore dissent. After hearing the state's case, the judge remarked on more than one occasion that the case was a "very close" one and that the prosecution's evidence was "very weak" as to Hall. But he decided to send Hall's case to the jury because there was "some evidence of his participation" in the robbery.

After a review of the prosecution's case, I am unable to find *any* evidence of participation. More importantly, the standard contemplated by Rule 29(a) is not "some evidence" of guilt, but evidence "[s]ufficient to sustain a conviction." There clearly was insufficient proof to meet this standard, and for that reason the motion for acquittal should have been granted.

The defendant argued at trial and contends on appeal that there is no evidence of his presence at the scene of the crime. In this insistence, he is essentially correct. The record does reveal sufficient circumstances from which one may reasonably infer that Hall was in defendant Raiford's car while the robbery was being committed. Hall was seated somewhere in the car (the evidence was conflicting as to whether he was in the front passenger's seat or back seat) when the car was stopped two miles from the scene shortly after the offense was committed. According to the testimony of the police officer who interrogated Hall after his arrest, the defendant made three statements, as evidenced by the following colloquy between the State's attorney and the police officer:

Q. ... Did you ask him, "Whose idea was it to rob the Stop N Go?" And was his answer, "I am not quite sure."?

A. Yes, sir.

Q. Did you additionally ask him, "Why didn't you go inside the grocery during the robbery?" And did he answer, "Because I received a severe gunshot wound to the right chest about two years ago. As a result, I have a bullet in my spine, physically unable to overexert myself."

A. Yes, sir.

Q. Did you additionally ask him, "If not for that injury, would you have went inside and participated in the robbery?" And did he answer, "I don't know."?

A. Yes, sir.

But although the defendant's equivocal responses to police interrogation and his presence in the car shortly after the robbery may be sufficient circumstances from which to infer that he was in the car while the robbery was committed, his mere presence in the car is not sufficient evidence to convict, even on the theory of aiding and abetting.

There is, for example, no evidence whatsoever concerning the actual location of the automobile during the commission of the offense. The robbery victim testified that he never saw the two robbers' vehicle and could not say in what direction they went when they left the store. The record thus establishes the distinct possibility that the car was not in the immediate vicinity of the market. As the trial judge noted at the close of the state's proof, "I don't think they've got any proof in the record where the car was. . . . I don't recall any and it looks to me like that would be a factor to consider as to whether or not [Hall] was the lookout."

Moreover, Tennessee law recognizes that mere presence and opportunity are not sufficient to support a conviction for aiding and abetting. *See Anglin v. State,* 553 S.W.2d 616, 619 (Tenn.Cr.App.1977); *Essary v. State,* 210 Tenn. 220, 357 S.W.2d 342, 347 (1962). The majority in their opinion conclude that "where a defendant knowing that a robbery was planned, voluntarily accompanied the perpetrators to the scene of the crime, and waited outside while the crime was being committed," the facts would "support the finding that the defendant acted as a 'lookout.'" As a general principle, this observation may be sound. The problem in this case is that the evidence presented by the State not only fails to establish beyond a reasonable doubt that Hall was at the scene, but also fails to establish beyond a reasonable doubt that he knew a robbery was planned.

But even if there were evidence here to support prior knowledge by Hall, it would still be incumbent upon the state to prove that the defendant was actually engaged in acting as a "lookout," that is, that he had placed himself in a position to give a warning. *Contrast and compare Richard Brent Taylor, et al. v. State of Tennessee,* Court of Criminal Appeals at Knoxville (August 19, 1977) (defendant arrested in the car; his location inside the car indicated that he was the "wheelman" and the position of the car itself with an unobstructed view of the burglary scene indicated that he was also a "lookout"). Otherwise, the defendant cannot be shown to have been aiding and abetting or present and willing to aid and abet, and his conviction would make him subject to punishment for mere presence alone.

Although I am willing to concede that it is not unreasonable to infer from the circumstances in the record that Hall was present in the car during the commission of the crime, the majority builds another inference on that inference—that the car was actually located at the scene of the crime— and a third inference on the first two—that Hall knew what was occurring and was in a position to participate as a lookout. Only by building inference upon inference upon inference can it be concluded that the defendant is guilty in this case. But the law is clear that a verdict of guilt may not be based upon such conjecture, speculation, or mere possibility. *Mathis v. State,* 590 S.W.2d 449 (Tenn.1979); *Rucker v. State,* 174 Tenn. 569, 129 S.W.2d 208 (1939).

Moreover, as the majority notes, when the only evidence against the defendant is circumstantial in nature, it must be consistent with guilt and inconsistent with every reasonable hypothesis other than that of guilt. In many (if not most) cases in which three people drive to the scene of a crime and one of them stays in the car, the only reasonable hypothesis is that the person who remained in the car was acting as the "lookout" or the "getaway driver." In this instance, however, there was another reasonable hypothesis for the defendant's nonparticipation in the offense and thus for his presence in the car, for it is undisputed in record that his physical condition prevented him from participating in the robbery.

It may be that Hall was acting as lookout. But the state wholly failed to prove this point, and thus such a conclusion must be based on nothing more than a mere hunch. Yet, as previously noted, conjecture is not a sufficient basis on which to convict; the trial judge implicitly recognized this principle of law, saying that the case was "very weak, very close" and that his "instinct" was to grant the acquittal. Because the trial judge was admittedly confused about what standard of review to apply in ruling on the motion to acquit, he apparently accepted the state's argument that there was a "modicum" of proof as to Hall's guilt and announced that he would decline to "substitute myself right now at this point for the jury." Had the trial judge reviewed the language of Rule 29(a), it would have been obvious that a "modicum" of evidence was not sufficient and that the motion for acquittal should have been granted.

Because the defendant "stood on his motion," as required by *Mathis, supra,* he is entitled to have us grant that relief which the trial court should have granted. I would therefore reverse the judgment and dismiss the charges against Hall.