**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**APRIL SESSION, 1997**

FILED

January 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9606-CC-00226** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **SULLIVAN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. R. JERRY BECK** |
| **JOHNNY LEE BOWMAN,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal-Aggravated Perjury)** |

FOR THE APPELLANT:

RAYMOND C. CONKIN, JR.
320 Cherokee St., Suite B
Kingsport, TN 37660

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELIZABETH T. RYAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

DOUGLAS DIMOND
Legal Assistant

GREELEY WELLS
District Attorney General

EDWARD WILSON
Assistant Attorney General
P. O. Box 526
Blountville, TN 37617

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Johnny Lee Bowman appeals from a jury verdict rendered on September 12, 1995 in the Sullivan County Criminal Court finding him guilty of aggravated perjury. As a Range III persistent offender, Appellant received a sentence of ten years confinement in the Tennessee Department of Correction. Appellant presents two issues for consideration on this direct appeal: (1) whether claimed memory loss constitutes a retraction of perjured testimony within the meaning of Tenn. Code Ann. § 39-16-704; and (2) whether the evidence is sufficient to sustain Appellant's conviction for aggravated perjury.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

The proof shows that on December 22, 1987, Appellant gave a signed and sworn statement to Officer Bill Smith of the City of Bristol Police Department. In this statement, Appellant implicated Michael Scott and himself in the November 9, 1987 burglary of a vehicle. Appellant stated that he served as a lookout while Scott burglarized the car and stole a suitcase containing women's clothing, a purse, and a pair of shoes. At Appellant's trial, Officer Smith testified that when Appellant gave his December 22, 1987 statement, Appellant did not appear to be under the influence of either alcohol or drugs. Moreover, Officer Smith explained that, during his employment with the Bristol Police Department, Smith had known Appellant quite well and had

never known Appellant to use either drugs or alcohol. On January 20, 1989, Appellant pleaded guilty in the Sullivan County Criminal Court to the automobile burglary and to petit larceny. In his plea, Appellant agreed under oath that the facts of the burglary set out in his December 22 statement were true and correct. Appellant declined to supplement his statement in any respect and also declined to make any additional statement.

On December 12, 1994, Michael Scott was finally tried for his role in the burglary, as the authorities had failed to locate Scott prior to this time. See State v. Michael Scott, No. 22848-850, (Sullivan County, December 12, 1994). Appellant was called as a prosecution witness in the Scott trial. At the Scott trial, Appellant initially testified on direct examination that he alone burglarized the vehicle and denied ever having served as a lookout for Scott. He then stated that he could not remember whether or not anyone else had participated in the commission of the burglary. Appellant continued, "I honestly do not remember 1987. That's been seven years ago. There's been an extremely lot of things happen in my life since then, so, I couldn't give you an honest answer." Appellant then testified that he did not remember giving a statement to Officer Smith. When asked to identify his signature on the statement allegedly given by him to Officer Smith, Appellant responded, "That's my writing." He then stated, "That don't really look like it now, but it could have been seven years ago, I guess." Appellant then stated that he could not positively say whether or not the signature on the statement was his. Finally, Appellant flatly denied that the handwriting on the December 22, 1987 statement was his. Appellant then reiterated, "I don't remember a whole lot about seven years ago." When asked whether he recognized the signature

on the "Advice, Waiver of Rights" form, Appellant responded, "That looks a little more like it, sir." Appellant then testified, "I don't recall ever seeing this paper before in my entire life, sir." When again asked whether or not the signature on the form was his, Appellant replied that "It could be" but that he could not say positively that the signature was his.

On cross-examination, Appellant explained that the reason for his inability to remember 1987 is because he was an alcoholic and a drug addict at that time. Furthermore, Appellant admitted that he was "high" much of the time and that he used alcohol, marijuana, and cocaine.

At Appellant's trial for aggravated perjury, the State introduced redacted transcripts of Appellant's January 20, 1989 plea hearing and of Appellant's testimony given during the Scott trial. At the close of the State's proof, Appellant moved for a judgment of acquittal, but the trial court denied this motion. The case went to the jury which convicted Appellant.

## II. CLAIMED MEMORY LOSS AS RETRACTION OF PERJURED TESTIMONY

Appellant's first contention is that his alleged memory loss constitutes a "retraction" of his perjured testimony. Tennessee Code Annotated Section 39-16-704 provides:

> It is a defense to prosecution for aggravated perjury
> that the person retracted the false statement before
> completion of the testimony at the official proceeding
> during which the aggravated perjury was committed.

The question of whether claimed loss of memory constitutes a retraction and therefore a defense to aggravated perjury is an issue of first impression in Tennessee. Indeed, we have found only one case which directly deals with this question. In United States v. Veisch, 724 F.2d 451 (5th cir. 1984); the defendant, an attorney, appeared before a grand jury and denied that he had ever instructed anyone to lie before a grand jury. Id. at 458.

However, unknown to Vesich, the prosecution possessed a tape recording of a conversation which Vesich had had with an imprisoned client. Id. at 459 n. 16. In this conversation, Vesich urged his client "to get a story straight for when you do go [before the grand jury]" and informed his client that the grand jury could not prove that his client was lying. Id. at 459 n.16. Following Vesich's denial that he had ever urged any individual to lie before a grand jury, Vesich repeatedly responded to questions pertaining to the recorded conversation by professing his inability to recall certain statements made by him during that conversation. Id. At 460. The Fifth Circuit Court of Appeals held in Vesich that the defendant's claimed memory loss was insufficient to establish the defense of recantation under 18 U.S.C. § 1623(d)[1]. Vesich, 724 F.2d 451, 460.

---

[1]At the time of the Vesich decision, 18 U.S.C. Section 1623 provided:

> Where, in the same continuous court or grand jury proceeding in which a declaration is made, the person making the declaration admits such declaration to be false, such admission shall bar prosecution under this section if, at the time the admission is made, the declaration has not substantially affected the proceeding, or it has not become manifest that such falsity has been or will be exposed.

Vesich, 724 F.2d 451, 460.

It is clear that Tennessee Code Annotated Section 39-16-704 is designed to provide an incentive to the perjurer to tell the truth before the falsity can do any harm. If having lied the perjurer knows he can avoid prosecution by recanting, the theory is he will have more reason to tell the truth then if recantation would gain him nothing. This policy is hardly served by a claim of memory loss. Indeed, a claim of memory loss makes the search for truth more difficult. We agree with the Veisch court that memory loss does not establish a recantation defense.

### III. SUFFICIENCY OF THE EVIDENCE

Appellant also challenges the sufficiency of the evidence to sustain his conviction for aggravated perjury. We find that the evidence is constitutionally sufficient.

This Court is obliged to review challenges to the sufficiency of the convicting evidence according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Id. (citing

State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)).  Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt.  Harris, 839 S.W.2d 54, 75; Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence.  State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).  Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence."  Matthews, 805 S.W.2d 776, 779.  Finally, TENN. R. APP. P. 13(e) provides, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."  See also Matthews, 805 S.W.2d 776, 780.

We stated in Matthews that "A criminal offense may be established exclusively by circumstantial evidence.  However, before an accused may be convicted of a criminal offense based upon circumstantial evidence alone, the facts and circumstances `must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant.'"  805 S.W.2d 776, 779-80 (quoting State v. Crawford, 470 S.W.2d 610, 612 (Tenn. 1971)).

TENN. R. CRIM. P. 29(a) provides in part, "The court on motion of a defendant. . . shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either

side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." Id. Furthermore, in dealing with a motion for judgment of acquittal, both the trial court and this Court are obligated to consider only all of the evidence introduced by the State. State v. Hall, 656 S.W.2d 60, 61 (Tenn. Crim. App. 1983). Finally, when resolving a motion for judgment of acquittal, the trial court's sole concern is the legal sufficiency of the evidence, and the trial court is precluded from reweighing the evidence. State v. Adams, 916 S.W.2d 471, 473 (Tenn. Crim. App. 1995); Hall, 656 S.W.2d 60, 61.

Tenn. Code Ann. § 39-16-702(a)(1) provides that "(a) A person commits [perjury] who, with intent to deceive:

(1) Makes a false statement, under oath." Id. Tenn. Code Ann. § 39-16-703(a) provides, "(a) A person commits [aggravated perjury] who, with intent to deceive:

(1) Commits perjury as defined in § 39-16-702;

(2) The false statement is made during or in connection with an official proceeding; and

(3) The false statement is material." Id. To sustain a conviction, the State was required to prove each and every element of the offense beyond a reasonable doubt.

Viewing the evidence in light of the above-stated criteria, we hold that a rational trier of fact could have concluded beyond a reasonable doubt that Appellant committed aggravated perjury. We further hold that the evidence is sufficient to warrant the trial court's denial of Appellant's motion for judgment of acquittal.

The prosecution called Officer Smith as its only witness. Officer Smith testified that on December 2, 1987, he took Appellant's statement in which Appellant alleged that Michael Scott had burglarized an automobile and had taken a suitcase, a purse, and a pair of shoes while Appellant served as a lookout. Additionally, Officer Smith testified that Appellant did not appear to be under the influence of either drugs or alcohol at the time Appellant gave the statement. Officer Smith also stated that he knew Appellant quite well and that he had never known Appellant to use drugs or alcohol.

The jury next heard the Assistant District Attorney General read portions of the transcript of Appellant's January 20, 1989 guilty plea hearing in which Appellant pleaded guilty to the November 9, 1987 burglary and swore that the statement given to Officer Smith was true and correct.

The jury next heard portions of the testimony given by Appellant in the Scott trial. In his testimony, Appellant contradicted his earlier statement and testified that he alone had burglarized the vehicle. Appellant then changed his testimony, stating that he could not remember whether or not Michael Scott participated in the commission of the offense. Additionally, Appellant stated, "I honestly do not remember 1987." Appellant also claimed that he could not remember giving a statement to Officer Smith. After identifying the handwriting on the statement as his, Appellant then contended that the handwriting did not resemble his handwriting at the time of the Scott trial in 1994 but that it "could have been [his handwriting] seven years ago." Appellant next asserted that the signature on the "Advice, Waiver of Rights" form more closely resembled his handwriting than did the signature on the

statement.   Finally, on cross-examination, Appellant attributed his inability to remember 1987 to his alleged addiction to drugs and alcohol.

It was the jury's prerogative to reject Appellant's claim of memory loss and to convict him of aggravated perjury.  In light of the fact that Appellant's testimony at the Scott trial was both internally inconsistent and directly contradictory of his earlier sworn testimony that the statement given by him was accurate, the trial court properly denied Appellant's motion for judgment of acquittal.  Moreover, the verdict was amply supported by the evidence.

Finding no merit in either of the two issues presented by Appellant on this direct appeal, we, therefore, affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOE G. RILEY, JUDGE


_____
CHRIS CRAFT, SPECIAL JUDGE