# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## DECEMBER SESSION, 1997

FILED

March 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9702-CR-00074 |
|---|---|---|
| Appellee, | ) | |
| | ) | |
| | ) | GREENE COUNTY |
| VS. | ) | |
| | ) | HON. JAMES E. BECKNER |
| ANTHONY GRAY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (DUI, DORL, Evading Arrest) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF GREENE COUNTY

FOR THE APPELLANT:

R. RUSSELL MATTOCKS
Office of the Public Defender
1609 College Park Drive, Box 11
Morristown, TN 37813-1618

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

C. BERKELEY BELL
District Attorney General

ERIC CHRISTIANSEN
Assistant District Attorney General
109 S. Main Street, Suite 501
Greeneville, TN 37743

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant, Anthony Gray, was convicted by a jury verdict of one count of driving while under the influence, second offense, a Class A misdemeanor, and sentenced to eleven months and twenty-nine days at thirty percent service prior to release; one count of driving on a revoked license, third offense, a Class A misdemeanor, and sentenced to eleven months and twenty-nine days at thirty percent; and one count of evading arrest while operating a motor vehicle, a Class E felony, and sentenced to two years, with two hundred twenty days in custody and the balance to be served on probation.[1] In this appeal, the Defendant argues: (1) That the evidence was insufficient to support a verdict of guilt; (2) that the trial court erred by failing to grant the Defendant's motion for acquittal; (3) that a double jeopardy violation occurred for his felony evading arrest charge when it had been previously reduced to a misdemeanor and he was later tried again on felony evading arrest; and (4) that the trial court allowed improper cross-examination of a defense witness regarding prior convictions. We affirm the judgment of the trial court.

At approximately 3:00 a.m. on September 10, 1995, officers Tim Ward and Tim Davis of the Greeneville Police Department were patrolling the east end of Greeneville. While traveling on Rufe-Taylor road, a two-lane blacktop road near

---

[1] Tenn. Code Ann. §§ 55-10-401; 55-50-504; 39-16-603.

a foundry called Greeneville Iron and Paper, the officers saw a car approaching them from the opposite direction at a high rate of speed. The approaching vehicle was in the lane of traffic in which the officers were traveling and it appeared that they were about to collide. Officer Ward was driving the patrol car and swerved off the side of the road to avoid being hit. The area was well-lit, and as the other car passed, he saw a man in the driver's seat whom he later identified as the Defendant. Officer Davis was looking to the side of the road at the pole he was fearful they were about to hit.

Officer Ward turned the cruiser around, activated the emergency equipment on the vehicle and pursued what appeared to be a small Nissan car. The officers lost sight of the other vehicle very briefly, but saw it again as they approached the intersection with Snapps Ferry Road. The officers were traveling at a speed of forty-five to fifty miles per hour in pursuit. They observed the other vehicle ignore the stop sign at the intersection with Snapps Ferry Road. The vehicle turned onto Bolton Road which leads to the Bolton Trailer Park. The vehicle turned onto Bainey Broyles Road, a cul-de-sac within the trailer park. The vehicle stopped at the dead end. The officers pulled in behind the vehicle. The cruiser's emergency equipment was activated and "take-down" lights were shining into the vehicle.

The passenger got out and ran toward the front of the Nissan and toward a wooded area with a fence. The driver got out and ran diagonally toward the cruiser and around a trailer. Officer Davis pursued the passenger and Officer

Ward pursued the driver. The passenger disappeared into an overgrown field. Officer Ward apprehended the driver, who was the Defendant. Officer Ward handcuffed the Defendant and brought him back to the cruiser. Officer Ward noticed that the Defendant smelled of alcohol. The Defendant stated that he was not driving. He was transported to the Greene County Detention Center where Officer Ivan Collins administered a breath alcohol test using the Intoximeter 3000. The Defendant's blood alcohol level at 3:08 a.m. was .18%. The Defendant's driving record indicated that his license had been revoked. The Defendant failed the one leg stand and the nine-step heel-to-toe sobriety tests. The Defendant stated that he had consumed twelve beers.

The Defendant testified that on the night in question, he went to a bar in Greeneville called the Hideaway. He drank beer there and then went to a place called "the hill" or "Houston Valley." He returned to the Hideaway at some point and was asking people to give him a ride back to his car, and David Elkins obliged. Elkins testified that Gray was intoxicated and that Elkins was driving the vehicle. Elkins testified that after he stopped the vehicle in the trailer park, both he and the Defendant got out on the passenger side because Elkins was driving on a revoked license and had a string of twenty-eight convictions for burglary of automobiles and theft offenses. The Defendant testified that Elkins drove and that he remembered nothing until he "more or less woke up in jail." The Defendant did state that when the vehicle stopped, Elkins touched him on the shoulder and said "run."

-4-

The Defendant was convicted of driving under the influence, driving on a revoked license and felony evading arrest. He now appeals his convictions.

In his first issue, the Defendant contends that the evidence was insufficient to support the verdicts of guilt. When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Nor may this court reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Cabbage, 571 S.W.2d at 835. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

The Defendant challenges the sufficiency of the evidence by suggesting that Officer Ward's identification of him as the driver of the vehicle was suspect. He points to the fact that when his vehicle passed the police cruiser, Officer Ward was driving and had to concentrate on avoiding an accident. He also suggests that the light in the area was insufficient to fully illuminate his face. Officer Davis was not looking at the other vehicle, but at the side of the road. The Defendant also notes that the only light into the car came from the police cruiser's headlights. However, Officer Davis testified that the area in which they were driving was well-lit. Officer Ward testified that the person he saw in the driver's seat was the Defendant. There is no evidence that suggests that there was time for the driver and passenger to switch places after the police officers began to chase them after the near collision. Finally, after the Defendant's vehicle stopped, both Officer Ward and Officer Davis saw someone get out of the car on the driver's side and someone get out of the car on the passenger's side. Officer Davis pursued the passenger. Officer Ward ran after the driver and apprehended him. That person was the Defendant.

After reviewing the evidence in the record in the light most favorable to the State, we can only conclude that there was ample direct and circumstantial evidence to show that the Defendant was driving the vehicle on a public road. This proof is also sufficient to show that the Defendant committed felony evading arrest, "while operating a motor vehicle on any street, road, alley or highway in

this state, [did] intentionally flee or attempt to elude any law enforcement officer." Tenn. Code Ann. § 39-16-603(b)(1). Therefore, this issue is without merit.

Next, the Defendant argues that the trial court erred by failing to grant his motion for acquittal after the close of the State's proof. A motion for judgment of acquittal raises a question of law for the determination of the trial judge. State v. Adams, 916 S.W.2d 471, 473 (Tenn. Crim. App. 1995); State v. Hall, 656 S.W.2d 60, 61 (Tenn. Crim. App. 1983). In resolving this question, the trial court's only concern is the legal sufficiency of the evidence and the trial court is not permitted to weigh the evidence in reaching its determination. Adams, 916 S.W.2d at 473.

An appellate court must apply the same standard as a trial court when resolving issues predicated upon the grant or denial of a motion for judgment of acquittal. Id. Having determined that the evidence was sufficient to support the Defendant's convictions, we must conclude that the trial court properly denied the motion for acquittal. Thus, this issue has no merit.

As his third issue, the Defendant contends that he was twice tried for the same offense, violative of the provision against double jeopardy as guaranteed by the Fifth Amendment to the United States Constitution and Article I, section 11 of the Tennessee Constitution. The Defendant was tried on one count of DUI, one count of driving on a revoked license, and one count of felony evading arrest on August 7, 1996. The jury was unable to reach a decision and the trial court granted a mistrial on the Defendant's motion. The Defendant was tried again on those offenses on September 25, 1996, and was convicted.

The Defendant asserts that at his first trial, the trial court reduced the charge of felony evading arrest to misdemeanor evading arrest because no court reporter was present. He argues that to be charged and tried again for felony evading arrest constitutes double jeopardy because jeopardy attached at the first trial for that offense. The State counters that there is nothing in the record that indicates that the charge for felony evading arrest was reduced and that there is no transcript of the hearing on the motion for new trial.

We must agree with the State that the record is devoid of evidence that the charge was reduced at the first trial. The only evidence of this is contained in statements made by the Defendant in his motion for new trial and in his brief on appeal. We reiterate that the allegations contained in pleadings and statements made by counsel during a hearing or a trial are not evidence. The same is true with regard to the recitation of facts and argument contained in a brief submitted to this Court. State v. Dykes, 803 S.W.2d 250, 255 (Tenn. Crim. App. 1990); State v. Bennett, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990). We conclude that this issue has been waived because the record is inadequate to allow meaningful review. T.R.A.P. 24(b); State v. Barnes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993).

In his final issue, the Defendant argues that the trial court erred by allowing the State to cross-examine the Defendant and a defense witness regarding the witness' prior convictions. David Elkins testified that he was driving the Defendant's vehicle when they passed the police cruiser and attempted to evade

-8-

them. He testified that he was driving on a revoked license and tried to avoid being seen as the driver so he slid from the driver's seat out the passenger side door behind the Defendant. Elkins admitted that he had a string of twenty-eight convictions. On redirect, Elkins stated that he was only acquainted with the Defendant but was not friends with the Defendant. On recross examination, the State questioned whether the Defendant was present when Elkins was arrested for the offense for which he was convicted and Elkins answered in the affirmative. Defense counsel objected. The trial court issued an instruction to the jury as follows: "Now, members of the jury, just in case you have any problem with that, that does not implicate the defendant on trial here today in any way with these charges for which this defendant (sic) has been convicted. He's not involved with those charges." The Defendant testified and the State cross-examined the Defendant regarding whether he lived with David Elkins and gave officers the key to Elkins' house when he was arrested. The Defendant denied that he lived with Elkins or gave permission for a search.

On appeal, the Defendant argues that this line of cross-examination was prejudicial to him. However, because the defendant has failed to cite authority to support his argument, this issue is waived. Tenn. Ct. Crim. App. R. 10(b); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App. 1988). Nevertheless, we must conclude that the issue has no merit. It appears from the record that the State was attempting to elicit testimony from the defense witnesses to demonstrate that David Elkins was biased in favor of the Defendant. Rule 616 of the Tennessee Rules of Evidence provides that : "A party may offer evidence

by cross-examination, extrinsic evidence or both, that a witness is biased in favor of or prejudiced against a party or another witness." As the Advisory Commission Comment to the rule notes, such evidence is an important ground for impeachment. Thus, we find no error in the State's cross-examination of defense witnesses regarding the nature of their relationship. Furthermore, the trial judge instructed the jury that the Defendant was not involved in the charges against David Elkins. A jury is presumed to have followed a trial court's curative instruction in the absence of evidence to the contrary. State v. Melvin, 913 S.W.2d 195, 201 (Tenn. Crim. App. 1995); State v. Baker, 751 S.W.2d 154, 164 (Tenn. Crim. App .1987); State v. Blackmon, 701 S.W.2d 228, 233 (Tenn. Crim. App. 1985). The Defendant has failed to establish that the jury did not follow this instruction. Thus, this issue has no merit.

Accordingly, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
THOMAS T. WOODALL, JUDGE