**John D. STROUP, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Feb. 23, 1977.

Certiorari Denied by Supreme Court
May 2, 1977.

WALKER, Presiding Judge.

## OPINION

The appellant, John D. Stroup, was convicted of professional gambling in violation of TCA 39–2032 and sentenced to not less than two years nor more than two years in the penitentiary. The indictment charged that between April 13, 1974, and May 13, 1974, the appellant engaged in professional gambling by offering to accept and accepting from Harold Halliburton and Barry Moore, for profit, money and credits to be risked in gambling on professional baseball and basketball games.

In October 1973, Memphis police began an investigation of bookmaking gambling in the city. They established a headquarters in a rented apartment and had several telephones installed for the purpose of placing bets. They had tape recorders attached to these phones to monitor and record the conversations.

Harold Halliburton, a barber who had lost large sums gambling, agreed to assist police in their investigation. On April 13, 1974, Halliburton received from David Looney, with whom he had gambled previously, a telephone number and the name "Allen." Looney and the appellant married sisters and Looney refers to him as "Allen."

On April 13, 14, 16 and 24, Halliburton and Barry Moore, a Memphis policeman, made phone calls to "Allen" at the number provided by Looney and, from the conversations between them and "Allen", they made numerous bets on various athletic contests, especially major league baseball.

"Allen" directed Moore to settle all bets with Robert Singer. On April 29 Moore met Singer in a Memphis restaurant where they exchanged money in settlement of the bets.

A telephone company representative testified this telephone number used by "Allen" was registered to John D. Stroup, the appellant. Looney also testified that this same number he provided to Halliburton was that of the appellant.

The appellant did not testify. Robert Singer denied any dealings with him.

Houston H. McKnight, Memphis, for appellant.

R. A. Ashley, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, Richard S. McNeese, Asst. Dist. Atty. Gen., Memphis, for appellee.

In challenging the sufficiency of the evidence, the appellant insists the state failed to show he was engaged in gambling as a business, that it showed he engaged in it for fun; and, in any event, he was unsuccessful in the venture. For these reasons, he says he does not come within the prohibitions of TCA 39–2032.

Moore made 23 bets with "Allen" involving $3090 over a two-week period, in which Moore won about $850. From the large number of bets, the amount of money in the transactions, and the short time interval, the appellant was clearly engaged in gambling of the type designed to augment his personal income which is prohibited by the statute. *Squires v. State*, Tenn.Cr.App., 525 S.W.2d 686; *Alley v. State*, 218 Tenn. 497, 404 S.W.2d 493.

The appellant also argues that he did not personally participate in any exchange of money. Although the evidence does not show that the appellant physically handled the money, the funds exchanged by Singer were at his direction.

He further contends that the statute is aimed only at punishing successful gamblers or those who actually show a profit. His interpretation would make his responsibility depend upon the outcome of an athletic event, an obvious absurdity. The phrase "for profit" is meant to emphasize that only gambling conducted as a business is proscribed by the statute. See also TCA 39–2033(1). The bets here gave the appellant an unequal advantage in a series of transactions, regardless of the outcome of the particular games, and constituted a business.

The evidence does not preponderate against the verdict and the assignments on the weight and sufficiency of the evidence are overruled.

The appellant urges that the state violated TCA 39–4533 by recording his telephone conversations and that the tapes should have been suppressed. This statute proscribes interrupting or interfering with public services and appliances.

In addition, TCA 65–2117 prohibits the wiretapping of phones without consent of the owner or his agent of the line. Taken together, these statutes authorize, by implication, the recording of a telephone conversation where one party to the conversation consents to the recording.

This interpretation is buttressed by the Crime Control Act of 1968, 18 U.S.C. secs. 2510–20, which specifically exempts consent recordings from its prohibitions. 18 U.S.C. § 2511(2), (c)(d). See also *Rathbun v. United States*, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957); *Osborn v. United States*, 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394 (1966). Consequently, Halliburton's consent made these recordings lawful.

The tape recordings were properly identified, the conversations on them were shown to be accurate reproductions of the conversations during the gambling, and the voices were identified. The voice of "Allen" was questioned as it related to the appellant. "Allen" answered the telephone and conducted the bookmaking at appellant's telephone number. Several witnesses (including Singer) said the voice on the tapes sounded like that of the appellant. Moore and Looney also thought "Allen's" voice sounded like the appellant's, though they did not make positive identification.

For authentication purposes, voice identification by a witness need not be certain; it is sufficient if the witness thinks he can identify the voice and express his opinion. *Auerbach v. United States*, 136 F.2d 882 (6th Cir. 1943). The weight of this identification is for the jury. Underhill's Criminal Evidence, Sec. 129 (6th ed. 1973). This evidence was admissible.

Without merit is the complaint that the court erred in permitting a telephone company employee without her records to testify as to appellant's number. This does not violate the best evidence rule as contended by the appellant because Looney testified to the same fact. *Davis v. State*, 92 Tenn. 634, 23 S.W. 59.

■ The appellant says the court erred by instructing the jury on conspiracy. The trial judge charged on the law of conspiracy as a rule of evidence and not as a separate offense. Since there was evidence of a gambling conspiracy among Singer, Looney and the appellant, the court did not err by instructing on that evidence.

■ The appellant complains of the instructions on parole. The jury could have fixed his punishment at five years' imprisonment and a $1000 fine. Under the facts of this case, the charge was harmless.

We have considered all assignments and find them to be without merit.

Affirmed.

TATUM, J., did not participate in the decision of this case.

RUSSELL, J., concurs.