IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 19, 2000 Session

## STATE OF TENNESSEE v. ARNOLD L. JONES

**Appeal as of Right from the Circuit Court for Williamson County**
**Nos. II-1-98-353 & II-498-140      Timothy L. Easter, Judge**

---

**No. M1999-00851-CCA-R3-CD - Filed December 14, 2000**

---

The appellant, Arnold L. Jones, was convicted in the Williamson County Circuit Court, pursuant to a bench trial, of one count of failure to appear in court, a class E felony. Subsequently, a jury in the Williamson County Circuit Court convicted the appellant of one count of introducing drugs into a penal institution, a class C felony, and one count of delivery of over .5 grams of cocaine, a class B felony. The trial court sentenced the appellant, as a Range II offender, to eight years incarceration in the Tennessee Department of Correction for introduction of drugs into a penal institution. The trial court also sentenced the appellant, as a Range II offender, to fifteen years incarceration in the Tennessee Department of Correction for delivery of over .5 grams of cocaine, and assessed a fine of $10,000. The trial court further ordered that these sentences be served concurrently. Additionally, the trial court sentenced the appellant to three years incarceration in the Tennessee Department of Correction for failure to appear in court, and ordered this sentence to be served consecutively to the other sentences for the drug convictions. The appellant raises the following issues for our review: (1) whether the evidence presented at trial was sufficient to support a finding by a rational trier of fact that the appellant is guilty beyond a reasonable doubt; and (2) whether the trial court erred in imposing excessive sentences. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES, and THOMAS T. WOODALL, JJ., joined.

Cynthia Fort, Nashville, Tennessee, J. Craig Myrick, Nashville, Tennessee, for the appellant, Arnold L. Jones.

Paul G. Summers, Attorney General and Reporter, Jennifer L. Bledsoe, Assistant Attorney General, and Derek Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

# I. Factual Background
## A. Failure to appear

On September 18, 1998, the appellant, Arnold L. Jones, failed to appear in court for a trial on charges of the delivery of over .5 grams of crack cocaine and the introduction of drugs into a penal facility. At a subsequent bench trial for failure to appear, the appellant testified that he had not appeared in court because he had car trouble on the way to court. The appellant also asserted that he had used all of his change to place a call to his son, who in turn called the appellant's attorney to notify the appellant's attorney of the delay. The appellant's son left a message with the attorney's secretary that his father was having car trouble. The secretary assured the appellant's son that she would relay the message, but told him to try to get the appellant to court. The appellant's son picked up the appellant and stated that "everything was taken care of." The appellant and his son returned home by noon at the latest. Seven days later, a bail bondsman took the appellant into custody for failure to appear in court. Although the appellant testified that, later that week, he repeatedly tried to contact his attorney regarding his court date, he never tried to contact the court to explain his absence.

Pursuant to a bench trial, the trial court ruled that, while the appellant's excuse of car trouble was a reasonable excuse for not attending court that morning, the appellant acted unreasonably in failing to inform the court, after returning home that day, concerning the reason for his absence, especially considering the appellant's previous experience with the criminal justice system. The trial judge found the appellant guilty of failure to appear in court. However, the trial court postponed sentencing until after the appellant's trial on the drug charges.

## B. Drugs

Robin Oliver, an inmate in the John I. Easley Correction Facility located in Williamson County, also known as the Criminal Justice Center (hereinafter "CJC"), contacted Detective Jack Frantz with the Williamson County Narcotics Division. Oliver told Detective Frantz that the appellant was responsible for bringing drugs into the CJC and that she would assist the police in catching him. Oliver did not receive money, reduced charges, or a lesser sentence in exchange for assisting the police.

Accordingly, on February 24, 1998, Oliver made a telephone call to the appellant and asked the appellant to bring her cigarettes and a "two" of crack cocaine into the jail. The call was monitored and recorded by the police. Oliver instructed the appellant to leave the contraband in the trash can of the women's restroom in the lobby of the CJC, which was accessible to the public, for later retrieval by one of the trustees of the jail. Oliver would then obtain the contraband from the trustee. The appellant agreed to bring the contraband into the jail, and further told Oliver that he would leave the items at 10:00 a.m. on February 25, 1998, in the specified location.

On February 25, the police staked out the lobby and the parking lot of the CJC. The appellant did not arrive. However, on February 26, 1998, Officer Dustin McDade, pursuant to a tip by Oliver, searched the trash can in the women's bathroom located in the lobby of the CJC and discovered cigarettes and crack cocaine. At the request of the police, Oliver made another telephone

call to the appellant in order to verify that he left the drugs. The appellant repeatedly assured Oliver that he had left her one gram of crack cocaine.

A jury in the Williamson County Circuit Court found the appellant guilty of one count of introducing drugs into a penal institution, a class C felony, and one count of delivery of over .5 grams of cocaine, a class B felony. The trial court sentenced the appellant, as a Range II offender, to eight years incarceration in the Tennessee Department of Correction for introducing drugs into a penal institution. The trial court also sentenced the appellant, as a Range II offender, to fifteen years incarceration in the Tennessee Department of Correction for delivery of over .5 grams of cocaine and assessed a fine of $10,000. The trial court further ordered that these sentences be served concurrently. Additionally, the trial court sentenced the appellant to three years incarceration in the Tennessee Department of Correction for failure to appear in court, and ordered that this sentence be served consecutively to the other two sentences. The appellant raises the following issues for our review: (1) whether the evidence presented at trial was sufficient to support a finding by a rational trier of fact that the appellant is guilty beyond a reasonable doubt; and (2) whether the trial court erred in imposing excessive sentences.

## II. Analysis
### A. Sufficiency of the Evidence
The appellant first challenges the sufficiency of the evidence to support his convictions for introducing drugs into a penal institution and delivery of over .5 grams of cocaine.[1] In Tennessee, a jury conviction removes the presumption of innocence the appellant enjoyed at trial and replaces it with a presumption guilt on appeal. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Accordingly, the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. Id. Put another way, the appellant must demonstrate to this court that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e).

Furthermore, the trier of fact, and not the appellate courts, resolves all questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence. State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990). Therefore, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983).

In order to sustain a conviction for introducing drugs into a penal institution, the State must prove that the appellant, knowingly and with unlawful intent, did take, send, or otherwise cause drugs to be taken into a penal institution where prisoners are quartered or are under custodial supervision. Tenn. Code Ann. § 39-16-201(a)(1)-(2)(1997). Additionally, to sustain a conviction for delivery of over .5 grams of cocaine, the State must establish that the appellant knowingly

---

[1] The appellant does not challenge his conviction for failure to appear.

delivered over .5 grams or more of any substance containing cocaine. Tenn. Code Ann. § 39-17-417(a)(2)&(c)(1)(1997). Furthermore, Tenn. Code Ann. § 39-11-106(20)(1997) states that "[a] person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result."

Detective Jack Frantz testified that the CJC is a penal institution where prisoners are under custodial supervision. Glenn Everett, a forensic scientist with the Tennessee Bureau of Investigation, confirmed that the substance recovered from the women's restroom in the CJC lobby was .6 grams of crack cocaine. Additionally, in the first tape recorded conversation, the appellant agreed to bring cocaine to Oliver and to leave it in the women's restroom in the CJC lobby. Furthermore, in the second tape recorded conversation, the appellant assured Oliver that he had brought her a gram of crack cocaine. Therefore, the sufficiency of the evidence essentially depends on the admissibility of the two audio taped conversations between the appellant and Oliver.

The appellant specifically argues that the trial court erred in admitting into evidence the audio tapes of the appellant's conversations with the informant, Robin Oliver, without the testimony of Oliver to authenticate the tape pursuant to the Tennessee Rules of Evidence. The appellant contends that the audio tape should not have been played for the jury when neither Oliver nor the appellant authenticated the tape or corroborated the conversation. We disagree.

This court has stated that "whether tangible evidence has been properly authenticated is left to the discretion of the trial court" and this court will not disturb that decision "absent a clearly mistaken exercise of that discretion." State v. Young, No. 01C01-9601-CC-00195, 1997 WL 46990, at *4 (Tenn. Crim. App. at Nashville, August 15, 1997)(citations omitted). Furthermore, Tenn. R. Evid. 901 provides a non-exhaustive list of methods for authenticating evidence, such as audio tapes, for admission into evidence. The appellant essentially argues that without the testimony of the appellant or Oliver, the tapes could not be properly authenticated. However, other methods of authentication exist. See Tenn. R. Evid. 901. The State complied with Tenn. R. Evid. 901(b)(5) which provides that voices may be identified "whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker."

At trial, the audio taped conversations between the appellant and Oliver were sufficiently authenticated by Detective Frantz. He testified that he was present when the conversations took place and could verify that the statements of Oliver on the audio tapes were an accurate reflection of the statements he heard her make during the telephone conversations. See Stroup v. State, 552 S.W.2d 418, 420 (Tenn. Crim. App. 1977). Moreover, Detective Frantz testified that he had heard the appellant's voice on a few occasions and could positively identify the voices on the tapes as belonging to the appellant and Oliver. See State v. Click, No. 162, 1991 WL 188882, at *3-4 (Tenn. Crim. App. at Knoxville, September 26, 1991)(finding proper authentication by an officer who had not heard the conversation simultaneously with its recording, but who could identify both of the voices on the tape). Additionally, two of the appellant's sisters, Doris Dye and Claudell

Vaughn, identified the appellant as being one of the speakers on the tapes. See State v. Smith, 612 S.W.2d 493, 498 (Tenn. Crim. App. 1980).

Detective Frantz testified that, on a few occasions, he had the opportunity to listen to the appellant's voice. Accordingly, Detective Frantz asserted that he could positively identify the appellant as being one of the speakers on the tape because the appellant has a distinctive voice. See State v. Radley, No. 01C01-9311-CC-0382, 1994 WL 377212, at *4 (Tenn. Crim. App. at Nashville, July 14, 1994). Moreover, "tape recordings may be presented by any witness who was present during the recording as long as he can identify the declarant with certainty and his testimony comports with other rules of evidence." State v. Gibson, 973 S.W.2d 231, 243 (Tenn. Crim. App. 1997)(citing State v. Jones, 598 S.W.2d 209, 223 (Tenn. 1980)). The audiotapes were properly authenticated and presented to the jury.

The appellant also contends that his right to confrontation was infringed because he could not cross-examine Oliver concerning the conversations. However, the statements made by Oliver only served to elicit statements from the appellant and provide context for the appellant's responses, and the State's primary goal was to bring the appellant's statements before the jury. Gibson, 973 S.W.2d at 243. Moreover, the appellant attacked Oliver's credibility in other ways, namely through the testimony of Oliver's grandmother stating that Oliver had planned to "set up" the appellant and through the testimony of Vaughn, the appellant's sister, who stated that Oliver could have been helping the police so that she would not get into additional trouble for being caught with drug paraphernalia in the jail. See Gibson, 973 S.W.2d at 243. Furthermore, although "the mere fact cross-examining [Oliver] would have been a defense lawyer's delight, and that this opportunity did not present itself, does not operate to add constitutional dimension to the situation." Jones, 598 S.W.2d at 223.

Based upon the foregoing, a rational trier of fact could reasonably have found the appellant guilty of introducing drugs into a penal facility and of the delivery of over .5 grams of cocaine. This issue is without merit.

### B. Sentencing

The appellant contends that the trial court erred by imposing excessive sentences. Specifically, the appellant argues that the trial court erred in refusing to consider the mitigating factors offered by the appellant when determining the length and range of the sentence imposed. This court conducts a de novo review of the length, range, or manner of service of a sentence. Tenn. Code Ann. § 40-35-401(d) (1997). Additionally, the appellant bears the burden of demonstrating the impropriety of his sentence(s). Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, this court will accord the trial court's determinations a presumption of correctness if the record reveals that the trial court correctly considered sentencing principles and all relevant facts and circumstances. Tenn. Code Ann. § 40-35-401(d); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting our de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997). See also Ashby, 823 S.W.2d at 168. Moreover, trial courts are given wide latitude in their discretion in sentencing. This court has stated that "no particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record." State v. Carter, 986 S.W.2d 596, 598 (Tenn. Crim. App. 1998).

Furthermore, for a Class B, C, D and E felony, the presumptive sentence shall be the minimum sentence in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c)(1997); see State v. Lavender, 967 S.W.2d 803, 806 (Tenn.1998). However, if there are such factors, a trial court should start at the minimum sentence, then enhance the sentence within the range for enhancement factors and reduce the sentence within the range for the mitigating factors. See Tenn. Code Ann. § 40-35-210(e). Nevertheless, should there be enhancement factors but no mitigating factors, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); see Lavender, 967 S.W.2d at 806. Furthermore, because the appellant is a Range II offender, the possible terms of incarceration in the Tennessee Department of Correction are as follows: twelve to twenty years for a B felony; six to ten years for a C felony; two to four years for an E felony. Tenn. Code Ann. § 40-35-112(b)(2), (3), & (5)(1997).

The trial court found that the following enhancement factors apply to the appellant: (1) the appellant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (8) the appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; (13) the felony was committed while on any of the following forms of release status if such release is from a prior felony conviction: (A) bail, if the appellant is ultimately convicted of such prior felony; (B) parole; (C) probation; (D) work release; (E) any other type of release into the community under the direct or indirect supervision of the department of correction or local governmental authority. Tenn. Code Ann. § 40-35-114(1), (8), & (13)(1997).

Initially, we note that the appellant was sentenced as a Range II offender. To qualify as a Range II offender, the offender must have been convicted of at least two prior felonies. Tenn. Code Ann. § 40-35-106(a)(1)&(c)(1997). The appellant had been convicted of at least two prior felonies, as well as other felonies and misdemeanors. Additionally, the appellant admitted at the sentencing hearing that he had violated parole on at least three occasions. See State v. Adams, 973 S.W.2d 224, 230 (Tenn. Crim. App. 1997)(finding that the defendant's parole violation and violation of juvenile probation demonstrated unwillingness to comply with the conditions of a sentence involving release in the community). Furthermore, the appellant committed the failure to appear while on bail for charges relating to the delivery of cocaine, and committed the drug offenses while

on parole for a prior felony conviction. The appellant does not argue that the trial court improperly applied these enhancement factors. Moreover, we conclude from our review of the record that the trial court properly applied the enhancement factors.

The trial court found that one mitigating factor applied to the appellant's drug convictions: the appellant's conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1)(1997). The State does not dispute the application of this mitigating factor. However, this court has found that Tenn. Code Ann. § 40-35-113(1) does not apply in cases involving cocaine. See State v. Vanderford, 980 S.W.2d 390, 407 (Tenn. Crim. App. 1997). Accordingly, because we find that the trial court misapplied this mitigating factor, we have reviewed the appellant's sentence without a presumption of correctness.

The appellant alleges that the trial court should have applied the following mitigating factors to his sentences for delivery of cocaine: the appellant acted under strong provocation; substantial grounds exist tending to excuse or justify the appellant's criminal conduct, though failing to establish a defense; and the appellant acted under duress or under the domination of another person, even though the duress or the domination of another person is not sufficient to constitute a defense to the crime.[2] Tenn. Code Ann. § 40-35-113(2), (3), & (12)(1997). At the sentencing hearing, the appellant contended that these mitigating factors applied because he would not have committed a crime if he had not been berated into delivering drugs by Oliver. However, notwithstanding the evidence against him, the appellant maintained that he did not commit the delivery of more than .5 grams of cocaine into the CJC.

The trial court found that, mitigating factors (2), (3) and (12) could possibly apply to the appellant. However, because the appellant continued to deny that he had committed the crimes, the trial court would not apply these factors to the appellant's sentence. Specifically, the trial court stated that these factors would have applied if the appellant had admitted his guilt. However, because the appellant continued to assert his innocence, the trial court did not believe he could argue that he had been coerced into behavior he denied. The appellant contends that the trial court erred in so ruling. We disagree.

The trial court in this case essentially considered the appellant's untruthfulness and failure to accept responsibility in determining that the proposed mitigating factors were entitled to little or no weight. Cf. State v. Anderson, 985 S.W.2d 9, 21 n.1 (Tenn. Crim. App. 1997)(finding that the "defendant's lack of truthfulness may be considered in determining the weight to be given to an applicable enhancement factor."); State v. Smith, 910 S.W.2d 457, 462 (Tenn. Crim. App. 1995)(stating that a trial court can acknowledge a mitigating factor yet, in its discretion, give it no weight). This was entirely within the trial court's discretion. See State v. Boggs, 932 S.W.2d 467, 476 (Tenn. Crim. App. 1996)(maintaining that a trial court could give a mitigating factor little or no

---

[2] The appellant does not contest the length of his sentence for his failure to appear conviction. However, he does contend that the trial court erred by ordering the sentence for failure to appear to run consecutively to his drug convictions.

weight in accordance with the discretion permitted the court). We conclude that the trial court correctly sentenced the appellant to eight years incarceration in the Tennessee Department of Correction for introducing drugs into a penal facility and to fifteen years incarceration for the delivery of over .5 grams of cocaine.

The appellant also contends that the trial court erred in ordering that the appellant serve his sentence for failure to appear consecutively to his drug convictions. However, the appellant failed to cite any authority or make any argument beyond a bald assertion that this constituted error. Tenn. R. App. P. 27(a)(7) states that if the appellant does not cite authority or make appropriate references to the record, then the issue is waived. See State v. Dickerson, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993).

In any event, the trial court correctly ordered that the appellant serve his sentences consecutively. Tenn. R. Crim. P. 32(c)(3)(C) mandates consecutive sentences for "a sentence for a felony where the defendant was released on bail and the [appellant] is convicted of both offenses." The appellant admitted that he was on bail awaiting trial for the drug offenses at the time he failed to appear in court. This issue is without merit.

### III. Conclusion
Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-8-