# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 21, 2001

## STATE OF TENNESSEE v. PAUL J. WARD

### Direct Appeal from the Criminal Court for Carter County
### No. S14355B    Robert E. Cupp, Judge

_____

### No. E2001-00175-CCA-R3-CD
### January 18, 2002
_____

A jury found defendant guilty of two counts of selling a Schedule I controlled substance (heroin), class B felonies. Defendant appeals his convictions claiming insufficient evidence exists to support his convictions, and the admission of the tape-recorded sales transactions was error in that it contained evidence of other bad acts or crimes in violations of Tennessee Rule of Evidence 404(b). We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Clifton Corker, Johnson City, Tennessee, for the appellant, Paul J. Ward.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Dennis Dwayne Brooks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 14, 2000, after a jury trial, defendant, Paul J. Ward, was found guilty on two counts of selling a Schedule I controlled substance (heroin), class B felonies. He was sentenced as a Range I standard offender to eleven years on each count to run concurrently. Defendant contends that the trial court erred in admitting into evidence tape recordings made at the time of the sale by the undercover agent, which contained statements by defendant of other drug sales or purchases B in short, that the admission of the tape recordings was in violation of Tennessee Rule of Evidence 404(b). Defendant also contends that the evidence was insufficient to support his convictions.

**Facts**

Defendant was indicted on three counts for sale of a controlled substance and one count of conspiracy to sell a controlled substance. At the conclusion of a jury trial, defendant was found guilty of Counts One and Four for sale of a controlled substance on August 25, 1998, and August 11, 1998, respectively. The jury acquitted defendant of Count Three for the alleged sale of a controlled substance on June 16, 1998. Count Two, conspiracy to sell a controlled substance, was dismissed by the trial court *sua sponte*. We review the evidence in chronological order of the sales and not in order of the counts charged.

The evidence adduced at trial revealed that on June 16, 1998, as alleged in Count Three, Agents Brian Fraley and Patrick Johnson used undercover police informant William Carden to purchase illegal drugs from defendant. The transaction was to be recorded using a wire, which was placed on the undercover informant's person. At trial, Agent Fraley testified that the agents could not identify defendant visually because the agents were parked too far away from the vehicle in which the alleged transaction took place. Additionally, Agent Fraley testified that they could not identify the voice of defendant, as the transmitting device used by the undercover informant did not work properly. As such, Carden gave the only evidence against defendant on Count Three. Defendant was found not guilty on Count Three.

As alleged in Count Four, at approximately 3:00 p.m. on August 11, 1998, Agents Jesus Pena and Patrick Johnson of the First District Drug Task Force again met with Carden. Carden told the officers that he was going to defendant=s house to purchase two bags of heroin. Subsequently, the officers searched, briefed, and placed a wire on Carden, who was given $100.00 to make the purchase. The agents followed Carden to defendant=s house on Swimming Pool Road in Hampton, Tennessee. Carden was driven by his wife, Donna. The agents parked on a nearby street to monitor the transaction. Carden arrived at defendant=s residence at approximately 3:18 p.m. Because of their location, the agents did not see Carden go into the residence. Carden testified that he gave defendant the money and that defendant gave him the drugs. During this time, Agents Johnson and Pena monitored the transaction by way of the radio transmitter.

The agents followed Carden back to the meeting place and retrieved the drugs from him, which were later determined to be .3 grams. Agent Pena identified the voices of Carden and the defendant on the tape of the transaction. Agent Pena testified that he was too far away to see Carden go into the residence or make the purchase. In his testimony, the agent admitted that he could not say for sure where the drugs came from, whether from the defendant, the informant, or even from the informant=s wife. Defendant was found guilty on this charge.

As alleged in Count One, at approximately 3:01 p.m. on August 25, 1998, Agents Pena and Johnson again met with Carden. There is conflicting testimony regarding whether or not and how thoroughly Carden was searched. Agent Johnson also testified that Carden=s wife was not searched and that he was not sure if Carden had drugs on him prior to entering the residence.

Carden was briefed and given $250.00 to make another purchase. A body wire was placed on him. According to Agent Johnson, Carden was originally going to purchase drugs from someone named Ritchie, however Ritchie was not there when they arrived. The agents followed Carden to the residence. Carden was again driven by his wife, Donna. The agents parked and monitored the transaction. However, they could not see the residence from their location. Carden testified that there was another person present at the residence to whom he gave the money, and defendant came out of the bathroom and gave him the drugs, which were approximately .06 grams.

In his testimony, Agent Johnson identified the voices of defendant and Carden on the tape. According to Agent Johnson, defendant has a distinctive voice. Agent Johnson said he was familiar with defendant's voice because he had spoken with him before. The agent testified that the defendant "made conversation about using a sack and also about a boy and girl coming up and getting a sack from him."

There was also a third voice on the tape identified as Mr. Andes. According to Agent Johnson, Carden told Johnson that Carden gave the drug money to a third party, and the third party to whom he gave the money was Mr. Andes. However, in other testimony, Carden had previously denied knowing the identity of the third party.

The record reflects that the undercover informant in this case, William Carden, had previously been in trouble with the law. He was convicted for driving under the influence, forgery, and driving on a revoked license. At the time of trial in the instant case, he was on probation for the latter two offenses. Furthermore, defense counsel elicited some testimony from Carden concerning Carden's prior acts of perjury before other courts in Tennessee. Defendant was found guilty on this charge.

**Analysis**

*1.     Sufficiency of the Evidence*

In this appeal, defendant questions the sufficiency of the evidence to justify the jury's finding of guilt beyond a reasonable doubt. Defendant submits that the trial court should have granted defendant=s Rule 29 motion for acquittal at the close of defendant=s proof and the State=s proof. The rule empowers the trial judge to direct a judgment of acquittal when the evidence is insufficient to warrant a conviction either at the time the state rests or at the conclusion of all the evidence. State v. Ball, 973 S.W.2d 288, 292 (Tenn. Crim. App. 1998). The standard by which a trial court rules upon a motion for judgment of acquittal is essentially the same standard applied on appeal in determining the sufficiency of the evidence after a conviction. Ball, 973 S.W.2d at 292; see Tenn. R. Crim. P. 29(a).

When the motion is made, the trial court must favor the state with the strongest legitimate view of the evidence, including all reasonable inferences, and discard any countervailing evidence. A judgment of acquittal is a question of law for the trial court. State v. Adams, 916 S.W.2d 471 (Tenn. Crim. App. 1995). In resolving the question, the trial court must simply

determine whether the evidence is legally sufficient to support a conviction. State v. Hall, 656 S.W.2d 60 (Tenn. Crim. App. 1983).

The court does not re-weigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 836 (Tenn. 1978). If the trial judge determines that the evidence is insufficient to support a jury's guilty verdict beyond a reasonable doubt, a judgment of acquittal is granted. The state may not retry the defendant but has the right of appeal. Tenn. R. Crim. P. 29(c).

When a defendant challenges the convicting evidence on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that might be drawn from the evidence. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight given their testimony, and the reconciliation of conflicts in the proof are matters entrusted exclusively to the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978) (citing Withers v. State, 523 S.W.2d 364 (Tenn. Crim. App. 1975)). A court does not substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956); Farmer v. State, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978). In a criminal action, a conviction may be set aside only when the reviewing court finds that the "evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e); see also Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979) (concluding that courts reviewing sufficiency of evidence must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). Finally, the burden is on the defendant to show that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Defendant in this case was convicted of the sale of heroin. Tennessee Code Annotated section 39-17-417 provides as follows:
    (a) It is an offense for a defendant to knowingly:
    . . .
    (3) Sell a controlled substance.
We conclude the evidence in this case is sufficient to support defendant=s conviction.

When viewed in the light most favorable to the State, a rational jury could find that the undercover police informant purchased heroin from defendant for $150.00 on August 11, 1998, and $250.00 on August 25, 1998. The testimony of the undercover informant was supported by the testimony of Agents Pena and Johnson. Both agents testified that they recognized defendant's voice on the tapes played to the jury. A witness need not be absolutely certain to make a voice identification. "[I]t is sufficient if the witness thinks he can identify the voice and express his opinion." Stroup v. State, 552 S.W.2d 418, 420 (Tenn. Crim. App. 1977), cert. denied, (Tenn. 1977) (citing Auerbach v. United States, 136 F.2d 882 (6th Cir. 1943)); see State v. Radley, No. 01C01-9311-CC-00382, 1994 WL 377212, at *4 (Tenn. Crim. App., filed July 14, 1994, at Nashville). Perhaps most importantly, the audiotapes of these drug transactions identify defendant at the scene of the crime, which, we note, was defendant's own residence. There is sufficient evidence to support the jury's finding of guilt. Accordingly, we affirm the trial court's denial of defendant's motion for acquittal.

2.      *Admission of Audio Tapes*

In this appeal, defendant asserts that the trial court erred by allowing audiotapes of the drug transactions to be played to the jury because the tapes are evidence of other crimes. We disagree with defendant and uphold the trial court's ruling.

> Tennessee Rule of Evidence 404(b) states:
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes. The conditions which must be satisfied before allowing such evidence are:
> (1) The court upon request must hold a hearing outside the jury's presence;
> (2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and
> (3) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

This court has previously stated that "[o]nly in an exceptional case will another crime, wrong, or bad act be relevant to an issue other than the accused's character. Such exceptional cases include identity, intent, motive, opportunity, or rebuttal of mistake or accident." State v. Luellen, 867 S.W.2d 736, 740 (Tenn. Crim. App. 1992). The admissibility of evidence is a matter within the sound discretion of the trial court. State v. Blevins, 968 S.W.2d 888, 892 (Tenn. Crim. App. 1997). Finally, "[w]hen a trial court substantially complies with the procedural requirements of [Tenn. R. Evid. 404(b)], its determination will not be overturned absent an abuse of discretion." State v. DuBose, 953 S.W.2d 649, 652 (Tenn. 1997).

Though both audiotapes are difficult to understand, on the audiotape of the August 25 transaction, there was some discussion of a "sack" and two people getting a sack from defendant. On the audiotape of the August 11 transaction, there was a conversation, in which defendant took part, about a "green pill" for the price of $120.00. The informant testified that defendant mentioned a green pill, which was morphine. Defendant also mentioned calling the informant if someone made a trip.

We conclude that the trial court was correct when it ruled that the audiotape was admissible. The trial court admitted the evidence because it was relevant to provide a complete story of the crime. Although we disagree with the reasoning provided by the trial court=s ruling, we conclude the evidence was admissible for other reasons.

In this case, Agent Johnson testified that he was able to identify defendant=s voice because he had spoken with defendant on a previous occasion. As such, the identity of defendant was established by hearing defendant's voice as he had a discussion about a green morphine pill. The audiotapes also establish that defendant had the opportunity to sell the illegal drugs. "Other acts are admitted to prove the accused had access to the necessary equipment." Neil P. Cohen et

al., *Tennessee Law of Evidence* § 4.04[14] at 95 (4th Ed. 2000); <u>see</u> <u>State v. Goad</u>, 707 S.W.2d 846, 850 (Tenn. 1986). Lastly, they establish that there was no mistake in the transfer of the illegal drugs. The undercover informant testified that shortly before the sale he spoke with defendant on the phone and that defendant said he had some heroin for the undercover informant. Because the tapes establish defendant's identity at the time of the sale, opportunity to make the sale, and absence of mistake in the transfer of the heroin to the undercover agent, we conclude the audiotapes were properly admitted. As such, we affirm the trial court's ruling on this issue.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE